NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| FRED ARKO, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> HARTFORD LIFE AND ACCIDENT INSURANCE CO., <br><br> Defendant - Appellant. | No. 14-17287 <br><br> D.C. No. 4:13-cv-01044-YGR <br><br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the Northern District of California
Yvonne Rogers, District Judge, Presiding

Submitted November 17, 2016[**]
San Francisco, California

Before: THOMAS, Chief Judge; and GILMAN[***] and FRIEDLAND, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Fred Arko brought this action under the Employee Retirement Income Security Act (ERISA) § 502(a), 29 U.S.C. § 1132(a), challenging Hartford Life and Accident Insurance Company's denial of his claim for long-term-disability benefits. The parties filed cross-motions for judgment under Rule 52 of the Federal Rules of Civil Procedure, and the district court ruled in favor of Hartford. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

We review de novo the district court's "choice and application of the standard of review" to a denial of benefits. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc). Here, the district court correctly reviewed Hartford's evaluation of Arko's claim under the abuse-of-discretion standard. *See id.* at 963. We review the district court's findings of fact under the clear-error standard because the district court conducted "a bench trial on the record" under Rule 52 of the Federal Rules of Civil Procedure. *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1095 (9th Cir. 1999) (en banc); *see also Abatie*, 458 F.3d at 969 (describing the district court's task in evaluating a Rule 52 motion as "making something akin to a credibility determination about the insurance company's or plan administrator's reason for denying coverage"). The clear-error standard of review is highly deferential. A reviewing court must uphold the district court's findings under this standard unless the appellate court "is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v.*

2

*Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Hartford and the district court thoroughly evaluated the medical evidence that Arko provided in support of his claim. The record lacks any evidence that Arko was permanently disabled in 2000, much less that his alleged disability would continue for an indefinite period of time. Because of large gaps in the medical records—there are no records at all for five of the eleven years for which Arko claims benefits—determining whether Arko was disabled during this entire period is impossible. This Court has in fact found no abuse of discretion in denying a claim even where there were much shorter gaps in a claimant's medical records. *See, e.g., Alford v. DCH Found. Grp. Long-Term Disability Plan*, 311 F.3d 955, 960 (9th Cir. 2002) (affirming the district court's finding that there was insufficient proof of continued disability where there was a gap of almost two years in the records). We also note that some of the information that Arko provided to his physicians contradicts his claim that he was disabled during all of this period.

Hartford does not dispute that Arko had multiple sclerosis (MS) in 2000, but a diagnosis of MS alone does not automatically amount to a finding that a claimant is disabled; the claimant must also establish that his condition renders him unable to perform an essential function of his job. *See Jordan v. Northrop*

3

*Grummon Corp. Welfare Benefit Plan*, 370 F.3d 869, 880 (9th Cir. 2004), *overruled on other grounds as recognized by Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 673-74, 678 n.33 (9th Cir. 2011).  Hartford did not abuse its discretion in concluding that Arko had provided insufficient evidence for Hartford to determine whether he remained disabled throughout the plan's three-month elimination period and beyond.  Because we affirm the district court's judgment on this ground, we need not address Hartford's affirmative defenses based on the policy's proof-of-loss provision, the contractual limitations period, judicial estoppel, and unclean hands.

We also decline to address Arko's argument that Hartford violated 29 C.F.R. § 2560.503-1(h)(3)(v) by failing to have a medical professional examine Arko's medical records.  This argument has been waived because Arko did not assert it at any stage of the proceedings in the district court.  *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1004 (9th Cir. 2002).  Arko now asks us to use our discretion to consider this procedural argument anyway, but we decline to do so.  The parties have not briefed this issue thoroughly, and addressing the argument now would require us to decide whether a denial of benefits on the basis of insufficient evidence qualifies as a "medical judgment" under the regulations.  *See* 29 C.F.R. § 2560.503-1(h)(3)(iii).  There is no clear Ninth Circuit authority on the point, and

4

this case is a poor vehicle for ruling on the question because of the scant briefing devoted to it.

For the foregoing reasons, we **AFFIRM**.